[No. A052517. First Dist., Div. One. Feb. 24, 1992.]

In re JULIO N., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JULIO N., Defendant and Appellant.

Counsel

Morinelli & Lieberman and Elaine L. Morinelli for Defendant and Appellant. Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Dane R. Gillette and Gerald A. Engler, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**STEIN, J.**—The district attorney filed a petition in the Contra Costa Superior Court alleging that 14-year-old Julio N. had stolen a vehicle (Veh. Code, § 10851, subd. (a)), had committed felonious hit-and-run driving resulting in injury and had failed to fulfill his duty to stop, identify himself and render aid (Veh. Code, §§ 20001, subd. (b)(1), 20003, 20004), and had evaded a police officer while driving in willful disregard of others (Veh. Code, § 2800.2). Julio submitted the matter on the police reports to a juvenile court referee. The referee dismissed the charges relating to hit-and-run driving, found true the other charges and committed Julio to a county facility for a maximum period of confinement of four years and eight months.

Julio appeals, contending (1) that the order of commitment is void because the referee lacked jurisdiction over him, and (2) that the sentence imposed is illegal. We will reject his first contention but, finding the second to have merit, will amend the order of commitment.

### DISCUSSION

### I.

*Julio Waived Any Right to Challenge the
Jurisdiction of the Juvenile Court Referee*

 The relevant proceedings were presided over by juvenile court referees. Neither Julio nor his attorney, however, entered into any written or oral stipulation that a referee had jurisdiction to hear the matter. Julio argues that absent such a stipulation the referees lacked jurisdiction over the cause and that the relevant orders, therefore, are void. Two recent California Supreme Court cases, however, mandate otherwise.

The adult defendant in *In re Horton* (1991) 54 Cal.3d 82 [284 Cal.Rptr. 305, 813 P.2d 1335], like Julio here, did not enter into a written or oral stipulation that a temporary judge could hear the case. Nor did counsel enter into any oral or written stipulation. The defendant argued, among other

things, that his personal consent to the temporary judge was required, and that jurisdiction could not be conferred in any event absent a written or oral agreement by the defendant or at least by his attorney. ■ The Supreme Court recognized that the jurisdiction of a temporary judge to try a cause derives from the parties' stipulation (*id.* at p. 90).[1] It found, however, (1) that an attorney has the power to stipulate to a temporary judge on behalf of his or her client and, thus, that it is not necessary to obtain a defendant's personal stipulation (*id.* at pp. 97-98); (2) that " 'an *implied* stipulation arises from the parties' common intent that the subordinate officer hearing their case do things which, in fact, can only be done by a judge' " (*id.* at p. 98); and (3) that such an implied stipulation results from the conduct of counsel in participating in the proceedings and thus tacitly recognizing the authority of the temporary judge. (*Ibid.*) " 'An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him. [Citation.]" (*Id.* at p. 91.) It is true that the present case does not involve a trial. ■ There is no question, however, but that Julio and his counsel fully participated in the proceedings without complaint and without objection to the referees. Under the circumstances, a stipulation to the jurisdiction of the referees therefore was implied.

*In re Horton* involved an adult defendant, and thus did not concern the effect of the juvenile court rule set forth in California Rules of Court, rule 244. That rule, as relevant here, provides: "The stipulation of the parties litigant that a case may be tried by a temporary judge shall be in writing . . . ." Any argument that rule 244 is jurisdictional, however, was put to rest by the Supreme Court in *In re Richard S.* (1991) 54 Cal.3d 857 [2 Cal.Rptr.2d 2, 819 P.2d 843]: "We are persuaded . . . that rule 244 is directory rather than mandatory to the extent that it imposes requirements beyond those expressed in article VI, section 21, and that no purpose would be served by interpreting it as intended to void any action taken when the requirements of the rule were not precisely fulfilled." (*Id.* at p. 865.) The court further—consistent with its opinion in *Horton*—recognized that consent to a referee may be implied (*id.* at p. 866) and concluded "that when the requirements of article VI, section 21 are otherwise met, the parties by their stipulation to trial by a referee sitting as a temporary judge, waive any claim of error on the basis of failure to strictly comply with that rule." (*Ibid.*)[2]

It follows that by participating in the proceedings, the parties impliedly stipulated to the jurisdiction of the juvenile court referee, and that any error

---

[1] Article VI, section 21 of the California Constitution provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."

[2] We recognize that the situation in *In re Richard S.* was somewhat different from that in the present case; however, the Supreme Court's reasoning and holdings apply equally to the present situation.

resulting from the failure to obtain the written stipulation required by rule 244 was waived.

## II.

### *The Order of Commitment Is Correct*

██ Julio argues that the juvenile court referee, in imposing the maximum aggregate term, improperly calculated it to be four years and eight months. The sentence is calculated as the maximum term for one offense plus one-third the middle term for the other. (*In re Eric J.* (1979) 25 Cal.3d 522, 536 [159 Cal.Rptr. 317, 601 P.2d 549].) The maximum term for violation of Vehicle Code section 10851 is four years. The midterm for a felony violation of Vehicle Code section 2800.2 is two years (Pen. Code, § 18); thus, one-third the midterm for that offense is eight months. The referee, accordingly, properly imposed a four-year, eight-month sentence on Julio.

The order is affirmed.

Newsom, Acting P. J., and Dossee, J., concurred.